UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61293-GAYLES

JOSEPH FISCHER,

      Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, JPMORGAN CHASE, N.A.,
SETERUS, INC., and RUSHMORE LOAN
MANAGEMENT SERVICES, LLC,

      Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on (1) Defendant Rushmore Loan Management Services, LLC's ("Rushmore") Motion for a More Definite Statement as to Counts 1, 4, 6, & 7, and Motion to Dismiss Count 5 of Plaintiff's Complaint (the "Rushmore Motion") [ECF No. 5]; (2) Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss Counts I, II, III, IV, VI, and VII, or Alternatively for a More Definite Statement (the "Chase Motion") [ECF No. 22]; and (3) Defendants Federal National Mortgage Association and Seterus, Inc.'s (individually "Fannie Mae" and "Seterus" and collectively the "Fannie Mae Defendants'") Motion to Dismiss (the "Fannie Mae Motion") [ECF No. 29] (collectively, the "Motions"). The Court has carefully considered the Complaint for Damages and Demand for Jury Trial [ECF No. 1] ("Complaint"), the responses and replies to the Motions, and the applicable law and is otherwise fully advised. For the reasons that follow, the Motions are granted.

**I.    BACKGROUND**

Plaintiff, Joseph Fischer, is a real estate investor who runs a small real estate investment

1

business that purchases, repairs, and sells real property. Plaintiff obtained a loan from the "Bank"[1] secured by a mortgage on an investment property located in Pompano Beach, Florida (the "Investment Property"). Plaintiff made timely monthly payments and otherwise complied with all terms of his mortgage and note, including his obligation to make payments to an escrow account for use by the Bank to pay Plaintiff's creditors. Notwithstanding Plaintiff's timely escrow payments, the Bank failed to pay Plaintiff's property taxes for several years during the term of the loan. The Bank ultimately paid the taxes, fees, and accumulated interest to prevent a lien from being placed on the Investment Property.

The Bank subsequently sought to charge Plaintiff for the incurred penalties, late fees, and underlying property taxes. Plaintiff notified the Bank that the charges were improper because he had already paid the amounts owed for his taxes into the designated escrow fund. However, the Bank continued to attempt to collect these amounts from Plaintiff. To that end, on May 7, 2013, the Bank filed a foreclosure lawsuit in Broward County, Florida, case number CACE-13-011475, alleging that Plaintiff failed to make required payments on the loan. On October 13, 2015, the Bank ended the suit by filing a Notice of Voluntary Dismissal. Despite the dismissal of the foreclosure action, the Bank continued to harass Plaintiff with phone calls and by reporting a deficiency on Plaintiff's credit report.

On June 30, 2017, Plaintiff commenced this action. Plaintiff's Complaint asserts one federal claim under the Fair Debt Collection Practices Act (Count I), invoking federal question jurisdiction under 28 U.S.C. § 1331, and six state law claims (Counts II–VII), invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* [ECF No. 1] ¶¶ 1, 2. Counts I, IV, VI,

---

[1] Plaintiff refers to all Defendants collectively as the "Bank" throughout the Complaint. As explained *infra* section III.C, this pleading style is insufficient and merits dismissal. For the purposes of providing background, however, the Court will similarly refer to Defendants collectively as the "Bank."

and VII are alleged against all Defendants. Counts II and III are alleged against Fannie Mae and Chase. Count V is alleged solely against Rushmore.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997).

## III. LEGAL ANALYSIS

Defendants seek dismissal on the grounds that the Complaint is an improper "shotgun" pleading, the Court lacks jurisdiction, and that the state law counts fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). In addition, Rushmore argues that the Florida Consumer Collection Practices Act claim, alleged solely against Rushmore, fails because the

debt at issue is not a consumer debt. The Court addresses the arguments below.

### A. The FDCPA Only Applies to Consumer Debt

Plaintiff brings a claim against Defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), for their attempts to collect payments under Plaintiff's mortgage and their initiation of the foreclosure lawsuit. "[T]he statutory language [of the FDCPA] . . . limits application of the FDCPA to debts arising from *consumer* transactions." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998) (emphasis in original). The FDCPA defines a "debt" as "any obligation or alleged obligation of a *consumer* to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction *are primarily for personal, family, or household purposes*, whether or not such obligation has been reduced to a judgment." 15 U.S.C. § 1692a(5) (emphasis added). "To this end, courts have consistently required that plaintiffs prosecuting FDCPA claims demonstrate that the underlying property giving rise to the debt relates to personal, family or household purposes; alternatively stated, the debt may not arise from a primarily business purpose." *Williams v. Edelman*, Case No. 05-60653, 2005 WL 8154686, *4 (S.D. Fla. Oct. 6, 2005) (dismissing FDCPA claim where plaintiff's allegations failed to establish that the debt in question did not arise from a primarily business purpose); *Lingo v. City of Albany Dept. of Cmty. & Econ. Dev.*, 195 F. App'x 891, 893 (11th Cir. 2006) (holding that the FDCPA did not apply to plaintiff's business development loan); *see also Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff,* 638 F. App'x 100, 102 (2d Cir. 2016) (stating that he FDCPA does not cover "actions arising out of commercial debts.").

"Courts construing the FDCPA have generally held . . . that the relevant time for determining the nature of the debt is the time at which the debt was created . . . ." *Booth v. Mee, Mee & Hoge, P.L.L.C.*, No. 07-CV-1360, 2010 WL 988473, *4 (W.D. Okla. Mar. 15, 2010)

(citing *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark L.L.C.*, 214 F.3d 872, 874 (7th Cir. 2000)). In *Miller*, the Seventh Circuit addressed circumstances comparable to those at bar. *Miller*, 214 F.3d at 874. There, Chief Judge Posner analyzed whether a mortgage was subject to the FDCPA when the property secured by the mortgage was originally plaintiff's personal residence, but then later converted into a rental property that generated income. *Id.* The *Miller* defendant argued that the FDCPA did not apply to the loan on the grounds that the debt was not a consumer debt at the time of default because the home was being utilized as a rental property. *Id.* The court analyzed the statutory language and held "that the relevant time [to determine if the FDCPA applies] is when the loan is made, not when collection is attempted." *Id.* Thus, the Court found that the loan constituted consumer debt under the FDCPA because the plaintiff used the property as his personal home at the time he obtained the mortgage. *Id.* Like the plaintiff in *Miller*, Plaintiff used the Investment Property for economic gain for his business, notwithstanding that the property is residential in nature. However, unlike the plaintiff in *Miller*, Plaintiff used the Investment Property for a business purpose at the time he obtained the loan.

In the Complaint, Plaintiff states he is "the sole owner of a small business named, Bizname, and makes a living as a Real Estate Investor." [ECF No. 1] ¶ 9. Plaintiff alleges that his real estate investment business involves the purchase, repair, and selling of real property and that the debt in question was obtained in connection with his business's purchase of his "real estate investment property." [ECF No. 1] ¶¶ 9–10; *see also* [ECF No. 40] ¶ 22. Plaintiff also alleges that he has suffered damage to his "business reputation" and "damages due to loss of business and business opportunities" as a result of Defendants actions in relation to the debt. [ECF No. 1] ¶¶ 26-27. Defendants argue that Plaintiff has failed to state a claim under the FDCPA because

Plaintiff's loan does not constitute consumer "debt" as it was obtained primarily for a business investment purpose.

Plaintiff responds by arguing that the loan constitutes consumer debt because the Investment Property was purchased as a "personal investment in order to provide additional income to his household" and that the residential nature of the property limits its use to "personal, family, or household purposes." [ECF No. 40] ¶¶ 24–25. Plaintiff also argues that he entered into the mortgage as an individual, not a business entity. *Id.* ¶ 23. However, these arguments cannot be considered as they were not alleged in the Complaint. *See Irwin v. Miami-Dade County Pub. Sch.*, 06-23029-CIV, 2009 WL 465066, at *6 (S.D. Fla. Feb. 24, 2009) (noting that a plaintiff may not supplant allegations made in his complaint with new allegations raised in a response to a motion to dismiss) (citations omitted). Even so, Plaintiff cites no case law to support his argument that signing the mortgage as an individual, rather than as a business entity, is determinative as to whether the loan constitutes a consumer debt. *See Petsche v. EMC Mortg. Corp.*, 830 F. Supp. 2d 663, 673 (D. Minn. 2011) (rejecting argument that signing loan documentation in plaintiff's own name established a consumer debt where it was undisputed that the "debt at issue relates to a mortgage taken out on an 'investment property' owned by a business."). To the contrary, the Court must consider the purpose for which the debt was incurred to determine how the debt is classified. *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1305 (S.D. Fla. 2016) (stating that "a court should look to the 'intended use' or 'purpose' behind incurring the debt in order to determine whether the debt was for personal, family, or household purposes."). Moreover, even if the Court were to consider these arguments, they would still fail to rebut the unambiguous allegations in the Complaint which assert that the loan was obtained for purposes of a business investment property. *See Humphrey v. PennyMac*

*Holdings, LLC,* CV153622KMMAH, 2017 WL 3184467, at *4 n.4 (D.N.J. July 26, 2017) (collecting cases that hold that the FDCPA does not apply to debts associated with real estate investment properties).

Here, Plaintiff incurred the debt in question in furtherance of his real estate investment business and not for a personal, family, or household purpose. Because Plaintiff's loan does not represent consumer debt under the FDCPA, Count I shall be dismissed with prejudice.

### B. Plaintiff Fails to Sufficiently Plead Jurisdiction

"Federal courts are courts of limited jurisdiction." *U.S. v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) (citing *Keene Corp. v. U.S.*, 508 U.S. 200, 207 (1993)). "[T]he Court early in its history wisely adopted a presumption that every federal court is 'without jurisdiction' unless 'the contrary appears affirmatively from the record.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986) (quoting *King Bridge Co. v. Otoe Cnty.,* 120 U.S. 225, 226 (1887)). In light of the dismissal of Plaintiff's lone federal claim invoking the Court's original jurisdiction, the Court must address whether it has jurisdiction to hear the remaining state law claims.

#### i. Supplemental Jurisdiction

The doctrine of supplemental jurisdiction, codified at 28 U.S.C. § 1367, "grants federal courts the power to exercise jurisdiction over claims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 531 (11th Cir. 2015) (quoting 28 U.S.C. § 1367(a)). While Section 1367 "mandates that district courts—at least initially—exercise jurisdiction over those supplemental claims that satisfy the case or controversy requirement," *id.*, a court has the authority to dismiss any state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3)

the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction," 28 U.S.C. § 1367(c); *see also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims.").

As a threshold matter, Plaintiff's Complaint fails to allege supplemental jurisdiction as a basis for subject matter jurisdiction over his state law claims. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'") (quoting Fed. R. Civ. P. 8(a)). Nevertheless, pursuant to Section 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the state law claims because it has dismissed Plaintiff's only federal claim with prejudice. "The Eleventh Circuit has a stated policy in favor of dismissing state law claims under these circumstances." *United States ex rel. Brown v. BankUnited Trust 2005-1*, 235 F. Supp. 3d 1343, 1362 (S.D. Fla. Jan. 30, 2017) (citation omitted); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." (citations omitted)); *accord Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction."). Therefore, Plaintiff must properly invoke the Court's diversity jurisdiction for his state law claims to proceed in this action.

### ii. Diversity Jurisdiction

Diversity jurisdiction is established "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states." 28 U.S.C. § 1332(a)(1). The Fannie Mae and Chase Motions argue that the state law claims should be dismissed because Plaintiff has failed to sufficiently allege the citizenship of Rushmore and Chase.[2]

For purposes of determining the citizenship of a limited liability company, such as Rushmore, the Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently establish diversity where a limited liability company is involved, "a party must list the citizenships of all the members of the limited liability company" *Id.* In the Complaint, Plaintiff alleges Rushmore is a "Delaware corporation" with its "principal place of business" in California. [ECF No. 1] ¶ 8. This allegation is insufficient to establish diversity jurisdiction because it contains no information regarding the members of Rushmore or the citizenship of any of Rushmore's members. Because Plaintiff fails to sufficiently and affirmatively allege diversity jurisdiction, *see Taylor*, 30 F.3d at 1367, the Court is unable to determine whether it has jurisdiction to adjudicate the state law claims. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022–23. Therefore, the state law claims are dismissed without prejudice.

---

[2] Chase argues that Plaintiff incorrectly alleges its citizenship as a "Delaware corporation" when, in fact, it is a national banking association whose citizenship is based on "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

### C. Plaintiff's "Shotgun Pleading" Style is Impermissible

While the Complaint is subject to dismissal for the reasons stated above, the Court is compelled to address Plaintiff's improper "shotgun pleading" style, which must be cured in any amended pleading filed by Plaintiff. "A district court has the *sua sponte* obligation to identify and dismiss a 'shotgun' complaint." *Ditomasso v. Holiday CVS, L.L.C.,* Caes No. 17-60064, 2017 WL 733375, *2 (S.D. Fla. Feb. 24, 2017). With the exception of Count V, Plaintiff refers to all four Defendants collectively as the "Bank" throughout the Complaint. This improper pleading method fails to give clear notice of the conduct for which each Defendant is being sued. *See Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) (dismissing claims because "Plaintiff improperly lumps Defendants together in these claims despite that Defendants are separate and distinct legal entities" and explaining that a plaintiff "must treat each Defendant as a separate and distinct legal entity and delineate the conduct at issue as to each Defendant"). For example, Plaintiff asserts that "the Bank continued to pursue its harassing phone calls and continued to report a deficiency on the Consumer's credit report." [ECF No. 1] ¶ 24. "It is inconceivable to the Court that both Defendants could have somehow made each alleged call, yet that is exactly what Plaintiff appears to be alleging. As such, the claims . . . are dismissed without prejudice." *Bentley,* 773 F. Supp. 2d at 1373.

Plaintiff may not proceed with the "shotgun pleading" style of lumping all Defendants together as the generic "Bank." If Plaintiff chooses to file an amended complaint, he must identify the precise Defendant alleged to have carried out each respective action.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

(1) Defendant, Rushmore Loan Management Services, LLC's Motion for More Definite Statement as to Counts 1, 4, 6, & 7, and Motion to Dismiss Count 5 of

Plaintiff's Complaint [ECF No. 5] is **GRANTED**; Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Counts I, II, III, IV, VI, and VII, or Alternatively for a More Definite Statement [ECF No. 22] is **GRANTED**; and The Fannie Mae Defendants' Motion to Dismiss [ECF No. 29] is **GRANTED**;

(2) Count I is **DISMISSED with prejudice**;

(3) Counts II, III, IV, VI, VI, and VII are **DISMISSED without prejudice**; and

(4) Plaintiff may amend his Complaint within twenty (20) days of the date of this Order. If he fails to do so, the Court will dismiss this action *with prejudice.*

(5) This case shall be **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of March, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE